# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

### Case No. 2:25-cv-765

M.A., on behalf of himself and a class of
similarly situated individuals,

*Plaintiff.*

v.

KEVIN GUTHRIE et al.,

*Defendants.*

## PLAINTIFF'S TIME-SENSITIVE MOTION FOR CLASS CERTIFICATION AND MEMORANDUM IN SUPPORT

Plaintiff moves, for the reasons detailed in his complaint, the memorandum of law below, and the declarations accompanying this motion, to certify a class under Rule 23 of the Federal Rules of Civil Procedure. Pursuant to Local Rule 3.01(e), Plaintiff's motion is time-sensitive because Defendants are currently detaining hundreds of putative class members without legal authority and inflicting a range of ongoing harms, as detailed in the complaint and forthcoming motion for preliminary relief. Plaintiff respectfully requests a ruling by September 10, 2025. In support of this motion, Plaintiff states:

1

1. This motion seeks certification of a class of all individuals who are detained, or will be detained, at "Alligator Alcatraz." Plaintiff seeks to litigate claims that Defendants lack detention authority under 8 U.S.C. § 1357(g). Those claims apply equally to all class members.

2. The class meets the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(2). Because the facility is detaining hundreds and has capacity to detain thousands of individuals, the proposed class easily satisfies numerosity. The class raises common legal questions about whether the operation of the facility violates 8 U.S.C. § 1357(g), and common factual issues about the operation and staffing of the facility. Plaintiff's claims are typical of those whom he seeks to represent, and Plaintiff is also adequately represented by a team of attorneys with significant experience with class actions and immigrants' rights cases. *See* Decl. of Spencer Amdur, Ex. A; Decl. of Amy Godshall, Ex. B; Decl. of Miriam Haskell, Ex. C; Decl. of Mark Fleming, Ex. D.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Grant his motion for class certification;

B. Appoint attorneys from the American Civil Liberties Union Foundation ("ACLU"), the ACLU of Florida, the Community Justice Project, and the National Immigrant Justice Center as Class Counsel; and

C. Grant such other relief as may be reasonable and just.

## INTRODUCTION

A class action lawsuit is appropriate in this case, which challenges Defendants' authority to detain Plaintiff at "Alligator Alcatraz" ("the facility"), a detention facility run entirely by state officials and contractors who lack detention authority under 8 U.S.C. § 1357(g). Plaintiff seeks to certify the following class under Federal Rules of Civil Procedure 23(a) and 23(b)(2): All individuals who are detained, or will be detained, at "Alligator Alcatraz."

This class satisfies the requirements of Rule 23(a) and falls within the scope of Rule 23(b)(2). Alligator Alcatraz currently has capacity for about 3,000 noncitizens and has already held 1000 noncitizens, so the proposed class easily satisfies numerosity. The class raises common legal questions about whether the operation of the facility violates 8 U.S.C. § 1357(g), and common factual issues about the operation and staffing of the facility. Plaintiff's claims are typical of those whom he seeks to represent, since all individuals held at the facility have the same claim that Defendants lack detention authority under Section 1357(g). And Plaintiff is also adequately represented by a team of attorneys with significant experience in immigrants' rights issues and class action cases from the American Civil Liberties Union Foundation ("ACLU"), the ACLU of Florida, the Community Justice Project, and the National Immigrant Justice Center.

Plaintiff's proposed class likewise satisfies Rule 23(b)(2) because Defendants

have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." By definition, Defendants are detaining all class members at Alligator Alcatraz, and they are committing the exact same statutory violations as to all class members. The class as a whole is therefore entitled to the same orders barring Defendants from detaining them at the facility.

Given that the facility is currently holding hundreds of class members and inflicting a range of ongoing harms, Plaintiff requests that the Court begin by provisionally certifying the class for the purpose of granting Plaintiff's forthcoming motion for a preliminary injunction. Plaintiff asks that the Court then consider any outstanding questions before proceeding to full class certification.

## BACKGROUND

### A. Alligator Alcatraz

Alligator Alcatraz is an immigration detention facility in Florida without precedent. The facility has the capacity for up to 3,000 detainees,[1] and 1000 noncitizens have been detained at the facility at various times.[2] Since it began

---

[1] Chelsea Bailey et al., *'Alligator Alcatraz': What To Know About Florida's New Controversial Migrant Detention Facility*, CNN (July 13, 2025), https://perma.cc/HLK8-TV7F.
[2] Christina Vazquez, *Congressman on 'Alligator Alcatraz' Tours: Deliberate Cruelty Packaged for Optics*, Local 10 (Aug. 20, 2025), https://perma.cc/U9N8-GJWD.

4

operating, the facility has been beset by a host of problems: detainees are held without charge, are disappearing from ICE's online detainee tracking system, cannot access their counsel, and are being held in horrific conditions, which have led to multiple hospitalizations in just the first few weeks.

Though states have limited authority to engage in immigration functions, Florida officials have claimed that they are operating the facility under 8 U.S.C. § 1357(g) ("Section 287(g)")—despite the fact that no State has ever operated an immigration detention facility under that statute. This case challenges Florida's operation of the facility and seeks declaratory, injunctive, and habeas relief.

## B. Class Representative

Plaintiff M.A. has lived in the United States since 2018. Haskell Decl. ¶ 3. He is married to a U.S. citizen and has five U.S.-citizen stepchildren. *Id.* M.A. was arrested on July 23. *Id.* ¶ 5. Around July 26, M.A. was taken to the "Alligator Alcatraz," where he is currently detained. *Id.* ¶¶ 1, 5.

## ARGUMENT

Rule 23 was enacted to "facilitate the bringing of class actions in the civil-rights area." 7A Wright & Miller, *Federal Practice & Procedure* § 1775 (3d ed. 2018). Civil rights cases like this one—where plaintiffs challenge a legal violation that applies broadly to a defined group—are particularly amenable to class treatment. As courts in this Circuit have recognized, the purpose of class action litigation is to

provide individuals the means of obtaining redress for claims that would be difficult to bring in individual litigation and to deter wrongdoing. *See Diakos v. HSS Sys., LLC*, 137 F. Supp. 3d 1300, 1307 (S.D. Fla. 2015). "Thus, doubts regarding the propriety of class certification should be resolved in favor of certification." *Id.* (cleaned up).

To obtain class certification, plaintiffs must meet the four prerequisites of Rule 23(a)—numerosity, commonality, typicality, and adequacy—and satisfy at least one provision of Rule 23(b). *See* Fed. R. Civ. P. 23(a), (b); *Braggs v. Dunn*, 317 F.R.D. 634, 652 (M.D. Ala. 2016). "The court's role at the class-certification stage is not to decide the underlying claims, but rather to determine whether the requirements for certification are met." *Braggs*, 321 F.R.D. at 652; *see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) (Rule 23 "creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action"). Here, the requirements of Rule 23 have easily been met.

Should the Court have any outstanding questions about class certification, Plaintiff asks that, given Plaintiff's ongoing detention and the urgent nature of the requested relief, the Court begin by provisionally certifying the class for the purpose of granting Plaintiff's forthcoming motion for a preliminary injunction. Provisional class certification is common in these circumstances and is necessary to avoid

prolonging irreparable harm. *See, e.g.*, *Fla. Immigrant Coal. v. Uthmeier*, 780 F. Supp. 3d 1235, 1270 (S.D. Fla. 2025) (granting provisional class certification); *Idaho Org. of Resource Councils v. Labrador*, 780 F. Supp. 3d 1013, 1051 (D. Idaho 2025) (same); *Barbara v. Trump*, --- F. Supp. 3d ---, No. 25-cv-244-JL-AJ, 2025 WL 1904338, at *3 (D.N.H. July 10, 2025) (same); *Whitaker v. Perdue*, No. 4:06-CV-0140-CC, 2006 WL 8553737, at *4 (N.D. Ga. June 29, 2006) (same); *see also A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025) (granting relief to a putative class).

## I.    The Proposed Class Satisfies the Numerosity Requirement of Rule 23(a)(1).

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While there is no fixed rule, a class size less than twenty-one is typically considered inadequate, while a class size of more than forty is generally adequate. *Cheney v. Cyberguard Corp*., 213 F.R.D. 484, 489–90 (S.D. Fla. 2003) (citing *Cox v. Am. Cast Iron Pipe Co*., 784 F.2d 1546, 1553 (11th Cir. 1986)).

Here, the proposed class includes hundreds of individuals across Florida who are presently or will be detained at Alligator Alcatraz. The facility has the capacity for up to 3,000 detainees.[3] And 1000 noncitizens have been detained at the facility at various times.[4] Even a small subset of this population would far exceed the class

---

[3] *See* Bailey, *supra* n.1.
[4] *See* Vazquez, *supra* n.2.

sizes that courts in this Circuit have found sufficient to satisfy Rule 23(a)(1). *See, e.g.*, *Shutler v. Citizens Disability LLC*, 347 F.R.D. 663, 672 (S.D. Fla. 2024) (certifying much smaller class of about 100 members).

In addition to the large number of proposed class members, other relevant factors, such as "the geographic diversity of the class members, the nature of the action, . . . judicial economy and the inconvenience of trying individual lawsuits, and the ability of the individual class members to institute individual lawsuits" all render joinder infeasible and weigh in favor of class certification in this case. *Gayle v. Meade*, 614 F. Supp. 3d 1175, 1197 (S.D. Fla. 2020). Indeed, given that practices at the facility interfere with access to counsel, the people detained there have extremely limited ability to institute individual lawsuits, and trying individual lawsuits would be inconvenient and reduce judicial economy. And given that noncitizens are continuing to arrive at the facility, "an influx of future members will continue to populate the class at indeterminate points in the future." *Gomes v. Acting Sec'y, U.S. Dep't of Homeland Sec.*, 561 F. Supp. 3d 93, 99 (D.N.H. 2021) (cleaned up). As such, the numerosity requirement is easily satisfied.

## II. The Proposed Class Shares Common Questions of Law and Fact.

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This "relatively light burden" does not require that all questions of law and fact be common to the putative class members. *See Vega v.*

*T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir. 2009). "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011) (internal quotation marks omitted). The common contention of injury "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350. "What matters to class certification . . . is . . . the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." *Id.* (cleaned up).

This case presents shared legal and factual questions that could resolve the litigation for all members of the proposed class. Plaintiffs challenge the operation of the facility on uniform legal grounds: that it violates 8 U.S.C. § 1357(g). That legal claim is the same for every detainee at the facility. Plaintiffs do not seek individualized adjudication; rather, the class raises facial challenges to the operation of a facility that is detaining or will detain them all.

Proposed class members also share a common base of facts. All class members are detained within the same facility, which is sufficient to satisfy commonality. *See Gayle*, 614 F. Supp. 3d at 1197 (finding commonality where plaintiffs were subject to the "same substantial risk of serious harm") (internal quotations omitted). While individual class members may have different

9

immigration statuses, none of those are relevant to the common claim being advanced in this case, and all class members "have suffered the same injury" from the same conduct by Defendants—namely, detention by officers who lack immigration detention authority and lack the ability to perform the basic duties of immigration enforcement. *Dukes*, 564 U.S. at 350 (citation omitted). Nor must Plaintiffs show that every question can be resolved classwide—just that the case presents "common [questions] apt to drive the resolution of the litigation." *Id.* (citation omitted). Because Plaintiffs all challenge the operation of the facility on the same legal grounds, Rule 23(a)(2)'s commonality requirement is easily satisfied.

## III.    The Class Representative's Claims Are Typical of the Class.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality requirement "center[s] on the relationship between the proposed class representatives and the other members of the class." *Ibrahim v. Acosta*, 326 F.R.D. 696, 700 (S.D. Fla. 2018) (citing *Vega*, 564 F.3d at 1275).  This analysis turns on "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named class plaintiffs, and whether other class members have been injured by the same course of conduct." *In re Checking Account Overdraft Litig.*, 286 F.R.D. 645, 653 (S.D. Fla. 2012) (citation omitted).  "A sufficient nexus is established if the claims or defenses of the class and the class

representative arise from the same event or pattern or practice and are based on the same legal theory." *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 686 (S.D. Fla. 2004) (citation omitted).

Here, the proposed class representative satisfies typicality for largely the same reason as commonality: All detainees face the same injury of unlawful detention based on the same violations of 8 U.S.C. § 1357(g)(1). *See Dukes*, 564 U.S. at 349 n.5 (explaining that commonality and typicality "tend to merge"); *Ibrahim*, 326 F.R.D. at 700–01 (finding typicality satisfied for same reasons as commonality). Indeed, the class representative and the rest of the class all have been or will be detained at Alligator Alcatraz. The class representative challenges the operation of the facility on the same legal grounds. The class representative seeks the same relief as the proposed class. *See Gayle*, 614 F. Supp. 3d at 1198 ("The named plaintiffs' claims are typical if they stem from the same event, practice, or course of conduct that forms the basis of the class claims and are based upon the same legal or remedial theory."). The class representative's claims are not only representative of, but inextricable from, those of the class he seeks to represent. Because all class members are detained in the same facility and raise the same legal challenges to the operation of that facility, the typicality requirement is satisfied.

## IV.  The Representatives Are Adequate.

Rule 23(a)(4) requires that the named plaintiffs "fairly and adequately protect

the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy depends on the resolution of two questions: (1) "whether plaintiffs have interests antagonistic to those of the rest of the class" and (2) "whether plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation[.]" *Cheney*, 213 F.R.D. at 495 (quoting *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987)).

## A. The Proposed Class Representative Is Adequate

The proposed class representative has interests that mirror those of the class. M.A. is currently detained at the facility and seeks to challenge the operation of the facility as violative of 8 U.S.C. § 1357(g). Haskell Decl. ¶¶ 2, 5. Accordingly, he stands in the same position as the proposed class. Additionally, M.A. has declared a willingness to serve as class representative and remains committed to vigorously pursuing this action on behalf of the hundreds of class members who are or will be detained at the facility. *Id.* ¶ 5. M.A. is adequate under Rule 23(a)(4).

## B. Plaintiffs' Counsel Are Adequate Class Counsel

Under Federal Rule of Civil Procedure 23(g), any order certifying a class must appoint class counsel who will "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In deciding whether counsel meet that standard, courts consider "the work counsel has done in identifying or investigating potential claims in the action," "counsel's experience in handling class actions, other complex

litigation, and the types of claims asserted in the action," "counsel's knowledge of the applicable law," and "the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv); *see, e.g.*, *Melanie K. v. Horton*, No. 1:14-CV-710-WSD, 2015 WL 1308368, at *2 (N.D. Ga. Mar. 23, 2015) (applying these criteria).

Here, Plaintiffs' counsel satisfy these criteria. They have invested considerable time meeting with affected individuals, gathering facts, and researching how the operation of Alligator Alcatraz conflicts with 8 U.S.C. § 1357(g). Counsel have extensive familiarity with complex federal litigation, including civil-rights cases and class actions seeking equitable relief. *See* Amdur Decl. ¶¶ 2-39; Godshall Decl. ¶¶ 2-6; Haskell Decl. ¶¶ 6-13; Fleming Decl. ¶¶ 2-9. They likewise have extensive experience litigating immigration detention issues and legal issues regarding state and local participation in immigration enforcement. *See id.*; *see, e.g.*, *Fla. Immigrant Coal. v. Uthmeier*, No. 25-11469, 2025 WL 1625385 (11th Cir. June 6, 2025) (denying motion to stay preliminary injunction against Florida law creating entry and reentry crimes); *United States v. Texas*, 144 F.4th 632 (5th Cir. 2025) (affirming injunction against similar Texas law); *Farmworker Ass'n of Fla., Inc. v. Moody*, 734 F. Supp. 3d 1311 (S.D. Fla. 2024) (granting preliminary injunction against Florida law creating transportation crimes); *C.M. v. Noem*, No. 2:25-cv-747 (M.D. Fla.) (challenge to access to counsel at Alligator Alcatraz). Under these

circumstances, appointment of Plaintiffs' counsel as class counsel is warranted. They will "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

## V. The Class Satisfies Rule 23(b)(2).

Class certification under Rule 23(b)(2) is proper where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The "prime examples" of Rule 23(b)(2) cases are "civil rights cases" like this one. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997); *see also Braggs*, 317 F.R.D. at 667 ("Rule 23(b)(2) has been liberally applied in the area of civil rights . . . .") (citation omitted). Indeed, "some courts have gone so far as to say that the rule's requirements are almost automatically satisfied in actions primarily seeking injunctive relief." *Id.* (quoting *Baby Neal v. Casey,* 43 F.3d 48, 59 (3d Cir. 1994) (internal quotations omitted)).

"The critical inquiry is whether the class members have suffered a common injury that may properly be addressed by class-wide injunctive or equitable relief." *Ibrahim*, 326 F.R.D. at 701 (citing *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1155 (11th Cir. 1983)). "The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that

14

it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Dukes*, 564 U.S. at 360 (citation omitted).

This is exactly such a case. The class seeks injunctive relief only and raises the same challenge to Defendants' authority to operate Alligator Alcatraz pursuant to 8 U.S.C. § 1357(g). If the court grants injunctive relief on these grounds, the relief will necessarily pertain to all the class members who are detained at the facility or will be in the future. The common claim and indivisible nature of the relief makes this case suitable for certification under Rule 23(b)(2).

## VI.    Additionally, A Class Can Also Be Certified Under Habeas Equity Principles.

A habeas class may be maintained either under Rule 23 or in equity informed by Rule 23 principles. Every Circuit to address this question has held that a habeas action can be brought on a classwide basis. *See, e.g.*, *United States ex rel. Sero v. Preiser*, 506 F.2d 1115, 1125 (2d Cir. 1974) (the Supreme Court "confirms the power of the judiciary, under the All Writs Act, . . . to fashion for habeas actions 'appropriate modes of procedure, by analogy to existing rules or otherwise in conformity with judicial usage'") (citing *Harris v. Nelson*, 394 U.S. 286 (1960)); *Bijeol v. Benson*, 513 F.2d 965, 968 (7th Cir. 1975) (agreeing with *Sero* that "a representative procedure analogous to the class action provided for in Rule 23 may be appropriate in a habeas corpus action" like the one at issue); *Williams v. Richardson*, 481 F.2d 358, 361 (8th Cir. 1973) ("under certain circumstances a class

action provides an appropriate procedure to resolve the claims of a group of [habeas] petitioners and avoid unnecessary duplication of judicial efforts"); *Mead v. Parker*, 464 F.2d 1108, 1112-13 (9th Cir. 1972) (concluding that a habeas action can be brought on a classwide basis and noting that "there can be cases, and this is one of them, where the relief sought can be of immediate benefit to a large and amorphous group. In such cases, it has been held that a class action may be appropriate"); *LoBue v. Christopher*, 82 F.3d 1081, 1085 (D.C. Cir. 1996) (the "claim that there is no equivalent to class actions in habeas . . . [is] wrong, for courts have in fact developed such equivalents"); *Napier v. Gertrude*, 542 F.2d 825, 827 & n.5 (10th Cir. 1976) (recognizing "class treatment" in habeas cases with "reference to Rule 23 in proper circumstances"). And the Supreme Court has recently granted relief on behalf of a putative class of habeas petitioners. *See A.A.R.P.*, 145 S. Ct. at 1369. Thus, this Court may certify a class under Rule 23 or habeas equity principles.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court certify the class—consisting of all individuals who are detained, or will be detained, at "Alligator Alcatraz"—for purposes of enjoining detention at the facility as to all members of the class. Given the urgent nature of this relief, Plaintiff requests that, should the Court require additional time to consider class certification, it grant provisional class certification in connection with Plaintiff's forthcoming motion for a preliminary

16

injunction.

Dated: August 22, 2025                    Respectfully submitted,

Spencer Amdur*                            /s/ *Amy Godshall*
Michael K.T. Tan*                         Amy Godshall, Fla. Bar No. 1049803
Cody Wofsy*                               Daniel Tilley, Fla. Bar No. 102882
Hannah Steinberg*                         AMERICAN CIVIL LIBERTIES
Corene Kendrick*                          UNION FOUNDATION OF
Kyle Virgien*                             FLORIDA
AMERICAN CIVIL LIBERTIES                  4343 West Flagler Street, Suite 400
UNION FOUNDATION                          Miami, FL 33134
425 California Street, Suite 700          786-363-2714
San Francisco, CA 94104                   agodshall@aclufl.org
T: (415) 343-0770                         dtilley@aclufl.org
samdur@aclu.org
m.tan@aclu.org                            Miriam Haskell (Fla. Bar No. 69033)
cwofsy@aclu.org                           miriam@communityjusticeproject.com
hsteinberg@aclu.org                       Alana Greer (Fla. Bar No. 92423)
ckendrick@aclu.org                        alana@communityjusticeproject.com
kvirgien@aclu.org                         COMMUNITY JUSTICE PROJECT,
                                          INC.
Omar Jadwat*                              3000 Biscayne Blvd. Suite 106
AMERICAN CIVIL LIBERTIES                  Miami, Florida 33137
UNION FOUNDATION                          Tel: (305) 907-7697
125 Broad Street, 18th Floor
New York, NY 10004                        Mark Fleming*
T: (212) 549-2660                         Mark Feldman*
ojadwat@aclu.org                          NATIONAL IMMIGRANT JUSTICE
                                          CENTER
Eunice H. Cho*                            111 W. Jackson Blvd., Suite 800
AMERICAN CIVIL LIBERTIES                  Chicago, Illinois 60604
UNION FOUNDATION                          Tel: 312-660-1628
915 15th St. N.W., 7th Floor             mfleming@immigrantjustice.org
Washington, DC 20005                      mfeldman@immigrantjustice.org
202-548-6616
echo@aclu.org


                                          *Attorneys for Plaintiff*
                                          **Pro hac vice application forthcoming*

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been furnished by electronic service through the CM/ECF Portal on August 22, 2025, to all counsel of record.  Plaintiff will also email a courtesy copy of this filing to counsel for Defendants.

/s/ *Amy Godshall*
Amy Godshall
