UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
Case No. 2:25-cv-765

M.A.,

       *Plaintiff.*

v.

KEVIN GUTHRIE et al.,

       *Defendants.*

### DECLARATION OF SPENCER AMDUR IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

I, Spencer Amdur, declare as follows:

1.    I am a Senior Staff Attorney at the American Civil Liberties Union Foundation Immigrants' Rights Project ("ACLU"), and I am counsel for Plaintiff in this case. I make this declaration to describe my qualifications and those of my colleagues to serve as counsel for the Proposed Class in this case. The following facts are based on my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

**Spencer Amdur**

1

2.  I am a member of the bar of California, and am admitted to practice in the U.S. Courts of Appeals for the Second, Fourth, Fifth, Seventh, Ninth, Tenth, and District of Columbia Circuits; and the U.S. District Courts for the District of Columbia, Northern and Southern Districts of California, and the Western District of Texas. I graduated from Yale Law School in 2013 and clerked for the Honorable Judith W. Rogers of the U.S. Court of Appeals for the D.C. Circuit. Prior to my work at the ACLU, I was a Trial Attorney at the Federal Programs Branch of the Civil Division in the U.S. Department of Justice, as well as an Arthur Liman Public Interest Fellow at the Lawyers' Committee for Civil Rights in San Francisco.

3.  I have served as class counsel in a number of federal lawsuits. *See, e.g.*, *Barbara v. Trump*, No. 25-cv-244, 2025 WL 1904338 (D.N.H. July 10, 2025) (granting class certification and enjoining Executive Order on birthright citizenship); *Fla. Immigrant Coal. v. Uthmeier*, No. 25-21524-CV, 2025 WL 1423357 (S.D. Fla. Apr. 29, 2025) (class challenge to state immigration law); *Idaho Org. of Res. Councils v. Labrador*, No. 1:25-CV-00178-AKB, 2025 WL 1237305 (D. Idaho Apr. 29, 2025) (same); *Padres Unidos de Tulsa v. Drummond*, No. CIV-24-511-J, 2025 WL 1573590 (W.D. Okla. June 3, 2025) (same); *Ms. L. v. U.S. Immigration and Customs Enforcement*, No. 3:18-cv-428 (S.D. Cal.) (challenge to family separation policy).

4.  I litigate complex immigration-related cases at all levels of the federal

and state courts. *See, e.g.*, *A.A.R.P. v. Trump*, 145 S. Ct. 1364 (2025) (granting injunction pending appeal to putative class in a challenge to a Proclamation issued under the Alien Enemies Act); *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080 (2017) (denying stay in part of preliminary injunction of an Executive Order barring nationals of certain countries from entering the United States); *East Bay Sanctuary Covenant v. Biden*, 102 F.4th 996 (9th Cir. 2024) (argued) (challenge to federal policy restricting asylum at the southern border); *Gonzalez v. ICE*, 975 F.3d 788 (9th Cir. 2020) (addressing the legality of certain federal and local immigration detention policies); *P.K. v. Tillerson*, 1:17-cv-01533 (D.D.C. filed 2017) (challenge to State Department policy denying visas to winners of the Diversity Visa Lottery); *Al Mowafak v. Trump*, No. 3:17-cv-557 (N.D. Cal. filed 2017) (challenge to restrictions on refugee admissions). I have also represented amici in a number of cases involving the federal government's administration of the immigration laws. *See, e.g.*, *New York v. Department of Justice*, 951 F.3d 84 (2d Cir. 2020) (argued) (challenge to policy conditioning certain federal funds on immigration enforcement); *City of Philadelphia v. Att'y Gen.*, 916 F.3d 276 (3d Cir. 2019) (rejecting government assertion of authority to impose immigration related conditions on grant program); *City of Providence v. Barr*, 954 F.3d 23 (1st Cir. 2020) (same); *United States v. California*, 921 F.3d 865 (9th Cir. 2019) (upholding state law prohibiting certain assistance with immigration enforcement).

5.  As relevant here, I have litigated multiple challenges to state and local regulation of immigration. *See, e.g.*, *United States v. Texas*, 144 F.4th 632 (5th Cir. 2025) (affirming preliminary injunction against state law creating entry and reentry crimes on preemption grounds); *Uthmeier v. FL. Immigrant Coal.*, No. 24A1269, 2025 WL 1890573 (U.S. 2025) (denying Florida's motion to stay injunction against similar law); *Texas v. Travis County*, 910 F.3d 809 (5th Cir. 2018) (argued) (affirming dismissal of action seeking to declare a state immigration law valid); *Farmworkers' Ass'n of Florida, Inc. v. Moody*, 734 F. Supp. 3d 1311 (S.D. Fla. 2024) (argued) (enjoining Florida immigration law); *Brown v. Ramsay*, 2025 WL 1571661 (S.D. Fla. May 30, 2025) (holding that local immigration arrest violated the Fourth Amendment); *United States v. Iowa*, 737 F. Supp. 3d 725 (S.D. Iowa 2024) (enjoining state immigration law); *Idaho Org. of Res. Councils v. Labrador*, No. 1:25-CV-00178-AKB, 2025 WL 1237305 (D. Idaho Apr. 29, 2025) (same); *Padres Unidos de Tulsa v. Drummond*, No. CIV-24-511-J, 2025 WL 1573590 (W.D. Okla. June 3, 2025) (same); *Ramon v. Short*, 2020 MT 69, 399 Mont. 254, 460 P.3d 867 (holding state officers lack authority to conduct civil immigration arrests); *People ex rel. Wells v. DeMarco*, 168 A.D.3d 31, 88 N.Y.S.3d 518 (N.Y. App. Div. 2018) (same).

**Cody Wofsy**

6.  Mr. Wofsy is a Deputy Director at the ACLU. Mr. Wofsy is a

member of the California bar, and is admitted to practice in the U.S. Supreme Court; the U.S. Courts of Appeals for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, Eleventh, and District of Columbia Circuits; and the U.S. District Courts for the Northern, Southern, Central, and Eastern Districts of California, the District of Columbia, and the Western District of Texas. He graduated from Yale Law School in 2013 and served as a Law Clerk to the Honorable Myron H. Thompson of the U.S. District Court for the Middle District of Alabama and the Honorable Marsha S. Berzon of the Ninth Circuit Court of Appeals.

7. Mr. Wofsy has served as class counsel in a number of federal lawsuits. *See, e.g.*, *Barbara v. Trump*, No. 25-cv-244, 2025 WL 1904338 (D.N.H. July 10, 2025) (argued) (granting class certification and enjoining Executive Order on birthright citizenship); *Fla. Immigrant Coal. v. Uthmeier*, No. 25-21524-CV, 2025 WL 1423357 (S.D. Fla. Apr. 29, 2025) (class challenge to state immigration law); *Idaho Org. of Res. Councils v. Labrador*, No. 1:25-CV-00178-AKB, 2025 WL 1237305 (D. Idaho Apr. 29, 2025) (same); *Padres Unidos de Tulsa v. Drummond*, No. CIV-24-511-J, 2025 WL 1573590 (W.D. Okla. June 3, 2025) (same); *Huisha-Huisha v. Mayorkas*, 560 F. Supp. 3d 146 (D.D.C. 2021) (class challenge to "Title 42" expulsion process); *P.J.E.S. by & through Escobar Francisco v. Wolf*, 502 F. Supp. 3d 492 (D.D.C. 2020) (same).

8.      Mr. Wofsy litigates complex immigration-related cases at all levels of the federal and state courts. *See, e.g.*, *N.H. Indonesian Community Support v. Trump*, 765 F. Supp. 3d 102 (D.N.H. 2025) (argued) (enjoining Executive Order on birthright citizenship); *Grace v. Barr*, 965 F.3d 883 (D.C. Cir. 2020) (argued) (affirming in part injunction of policies limiting asylum within the expedited removal system); *East Bay Sanctuary Covenant v. Barr*, 964 F.3d 832 (9th Cir. 2020) (affirming injunction of bar on asylum for individuals who transit through third country), *amended* 994 F.3d 962 (9th Cir. 2000); *Capital Area Immigrants' Rights Coal. v. Trump*, No. 19-CV-2117-TJK, 2020 WL 3542481 (D.D.C. June 30, 2020) (vacating same bar); *East Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242 (9th Cir. 2020) (affirming injunction of ban of asylum for noncitizens entering between ports of entry); *East Bay Sanctuary Covenant v. Trump*, 932 F.3d 742 (9th Cir. 2018) (denying stay of same injunction), *stay denied*, No. 18A615, 2018 WL 6713079 (U.S. Dec. 21, 2018); *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080 (2017) (described *supra*); *Morales v. Chadbourne*, 235 F. Supp. 3d 388 (D.R.I. 2017) (granting partial summary judgment in case challenging immigration arrest); *Ramon v. Short*, 2020 MT 69, 399 Mont. 254, 460 P.3d 867 (holding state officers lack authority to conduct civil immigration arrests); *People ex rel. Wells v. DeMarco*, 168 A.D.3d 31, 88 N.Y.S.3d 518 (N.Y. App. Div. 2018) (same).

9.      Mr. Wofsy also represents amici in a number of cases involving the

federal government's administration of the immigration laws. *See, e.g.*, *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062 (2020) (rejecting government's interpretation of jurisdictional provision); *City of Chicago v. Barr*, 961 F.3d 882 (7th Cir. 2020) (rejecting government assertion of authority to impose immigration related conditions on grant program); *City of Providence v. Barr*, 954 F.3d 23 (1st Cir. 2020) (same); *City of Philadelphia v. Attorney Gen. of United States*, 916 F.3d 276 (3d Cir. 2019), *reh'g denied* (June 24, 2019) (same); *United States v. California*, 921 F.3d 865 (9th Cir. 2019) (rejecting government efforts to enjoin California Values Act as preempted by immigration statutes), *cert. denied,* No. 19-532, 2020 WL 3146844 (U.S. June 15, 2020); *San Francisco v. Trump*, 897 F.3d 1225 (9th Cir. 2018) (affirming injunction of immigration-enforcement Executive Order); *see also Simon v. City of New York*, 893 F.3d 83 (2d Cir. 2018) (argued) (reversing dismissal of case challenging arrest on material witness warrant).

10. As relevant here, Mr. Wofsy has litigated several challenges to state and local regulation of immigration. *See, e.g.*, *United States v. Texas*, 144 F.4th 632 (5th Cir. 2025) (argued) (described *supra*); *Uthmeier v. FL. Immigrant Coal.*, No. 24A1269, 2025 WL 1890573 (U.S. 2025) (described *supra*); *United States v. Iowa*, 737 F. Supp. 3d 725 (S.D. Iowa 2024) (described *supra*); *Idaho Org. of Res. Councils v. Labrador*, No. 1:25-CV-00178-AKB, 2025 WL 1237305 (D. Idaho Apr. 29, 2025) (described *supra*); *Padres Unidos de Tulsa v. Drummond*, No. CIV-

7

24-511-J, 2025 WL 1573590 (W.D. Okla. June 3, 2025) (described *supra*).

**Michael Tan**

11. Mr. Tan is a Deputy Director at the ACLU. He has worked at the ACLU as a Staff Attorney and later Senior Staff Attorney from 2012 to 2019, and as a Deputy Director from 2019 to 2022. He then worked as Senior Advisor to the Co-Presidents at Community Change from 2022 to 2024, and Clinical Lecturer in Law at Yale Law School from 2024 to 2025, before returning to the ACLU in 2025 as Deputy Director.

12. Mr. Tan is admitted to practice in New York and has been admitted to the bars of the U.S. Supreme Court, the U.S. Courts of Appeals for the First, Second, Third, Fourth, Ninth, Tenth, Eleventh and D.C. Circuits, and the U.S. District Courts for the District of Columbia, Eastern District of Michigan, Middle District of Georgia, and Southern District of New York. Mr. Tan graduated from Yale Law School in 2008 and served as a Law Clerk to the Honorable M. Margaret McKeown, U.S. Court of Appeals for the Ninth Circuit, from 2009 to 2010. Previously, Mr. Tan was a Skadden Fellow at ACLU IRP from 2010 to 2012 and a Liman Fellow at ACLU IRP from 2008 to 2009. In 2014, Mr. Tan was named a California Lawyer of the Year in immigration law. In 2016, Mr. Tan was awarded a Best Lawyers Under 40 Award by the National Asian Pacific American Bar Association. Mr. Tan was also named a Best LGBT Lawyer Under the Age of 40

by the National LGBT Bar Association in 2017.

13. Mr. Tan has served as counsel or co-counsel on numerous class action lawsuits on behalf of detained immigrants, including *Castañeda Juarez v. Asher*, 556 F. Supp. 3d 1181 (W.D. Wash. 2021) (certified class action challenging unlawful conditions of confinement during COVID-19 pandemic in Washington State); *Malam v. Adducci*, 475 F. Supp. 3d 721, 730 (E.D. Mich. 2020), *amended*, No. 20-10829, 2020 WL 4818894 (E.D. Mich. Aug. 19, 2020) (same, in Michigan); *Brito v. Barr*, 415 F. Supp. 3d 258 (D. Mass. 2019), *aff'd in part, vacated in part, remanded sub nom. Brito v. Garland*, 22 F.4th 240 (1st Cir. 2021) (challenging bond procedures for immigrants detained in Massachusetts); *Padilla v. ICE*, 379 F. Supp. 3d 1170 (W.D. Wash.), *modified sub nom.*, 387 F. Supp. 3d 1219 (W.D. Wash. 2019), *and aff'd in part, vacated in part, remanded sub nom.*, 953 F.3d 1134 (9th Cir. 2020), *cert. granted, judgment vacated*, 141 S. Ct. 1041, 208 L. Ed. 2d 513 (2021), *and vacated sub nom.* No. C18-928 MJP, 2022 WL 22248517 (W.D. Wash. July 29, 2022) (nationwide class action challenging denial of bond hearings to detained immigrants); *Damus v. Nielsen*, 313 F. Supp. 3d 317 (D.D.C. 2018) (challenging no-release policy for asylum seekers); *Rodriguez v. Robbins*, No. 07-03239-TJH-E (C.D. Cal), 591 F.3d 1105 (9th Cir. 2010), 715 F.3d 1127 (9th Cir. 2013), 804 F.3d 1060 (9th Cir. 2015), *Jennings v. Rodriguez*, 583 U.S. 281 (2018) (challenging the prolonged detention without bond hearings of

immigrants held in the Central District of California); *Hernandez v. Sessions*, EDCV 16-00620-JGB (KKx), 2016 WL 7116611 (C.D. Cal. Nov. 10, 2016), 872 F.3d 976 (9th Cir. 2017) (challenging the detention of immigrants based on a lack of financial resources in the Central District of California); *Gayle v. Johnson*, 4 F. Supp. 3d 692 (D.N.J. 2014), 81 F. Supp. 3d 371 (D.N.J. 2015), 838 F.3d 297 (3d Cir. 2016) (challenging the mandatory detention of individuals with substantial challenges to removal in New Jersey); *R.I.L-R. v. Johnson*, 80 F. Supp. 3d 164 (D.D.C. 2015) (nationwide class action challenging detention of migrant families seeking asylum based on general deterrence); *Rivera v. Holder*, 307 F.R.D. 539 (W.D. Wa. 2015) (class action challenging immigration court's failure to consider detainees for release on recognizance); *Khoury v. Asher*, 3 F. Supp. 3d 877 (W.D. Wash. 2014) (challenging the mandatory detention of immigrants in Washington State who were not taken into immigration custody upon their release from criminal custody); *Gordon v. Johnson*, 300 F.R.D. 31 (D. Mass. 2014) (same, for Massachusetts); *Preap v. Johnson*, 303 F.R.D. 566 (N.D. Cal. 2014), 831 F.3d 1193 (9th Cir. 2016) *vacated sub nom. Nielsen v. Preap*, 139 S. Ct. 954 (2019) (same, for California); *Reid v. Donelan*, 297 F.R.D. 185 (D. Mass. 2014), 22 F. Supp. 3d 84 (D. Mass. 2014), 819 F.3d 486 (1st Cir. 2016) (challenging prolonged mandatory detention of immigrants held in Massachusetts); *Alli v. Decker*, No. 4:09-cv-00698-JEJ-SF (M.D. Pa), 644 F. Supp. 2d 535 (M.D. Pa. 2009), 650 F.3d

1007 (3d Cir. 2011) (same, for Pennsylvania).

**Hannah Steinberg**

14. Hannah Steinberg is a Staff Attorney at the ACLU. She is a member of the California bar and is admitted to practice before the U.S. District Court for the Northern District of California and the U.S. Courts of Appeals for the Second and Ninth Circuits. She is a 2019 graduate of Yale Law School. After graduation, she clerked for the Honorable Robert E. Bacharach of the U.S. Court of Appeals for the Tenth Circuit and for the Honorable Lucy H. Koh, then of the U.S. District Court for the Northern District of California (now of the U.S. Court of Appeals for the Ninth Circuit). Before joining the ACLU, she worked at Social Justice Legal Foundation. In law school, she worked on what would become a class action of all individuals who are or will be eligible for Deferred Action for Childhood Arrivals ("DACA"). *See Batalla Vidal, et al. v. Nielsen*, No. 16-CV-4756-NGG (E.D.N.Y. filed Aug. 25, 2016).

15. Since coming to the ACLU in 2022, Ms. Steinberg has served as counsel on major cases concerning the rights of noncitizens. *See N.H. Indonesian Community Support v. Trump*, 765 F. Supp. 3d 102 (D.N.H. 2025) (described *supra*); *Barbara v. Trump*, No. 25-cv-244, 2025 WL 1904338 (D.N.H. July 10, 2025) (described *supra*).

16. As relevant here, Ms. Steinberg has litigated challenges to state and

11

local regulation of immigration. *See, e.g.*, *Idaho Org. of Res. Councils v. Labrador*, No. 1:25-CV-00178-AKB, 2025 WL 1237305 (D. Idaho Apr. 29, 2025) (argued) (described *supra*); *United States v. Texas*, 144 F.4th 632 (5th Cir. 2025) (argued) (described *supra*); *Uthmeier v. FL. Immigrant Coal.*, No. 24A1269, 2025 WL 1890573 (U.S. 2025) (described *supra*).

**Omar Jadwat**

17. Omar Jadwat has been an attorney with the ACLU since 2002 and is the current Director. Mr. Jadwat graduated from New York University School of Law in 2001, then clerked for the Honorable John G. Koeltl of the U.S. District Court for the Southern District of New York.

18. Mr. Jadwat is a member of the New York bar, and is admitted to practice in the U.S. Supreme Court; the U.S. Courts of Appeals for the First, Second, Third, Fourth, Fifth, Eighth, Ninth, Tenth, Eleventh, and District of Columbia Circuits; and the U.S. District Courts for the Southern and Eastern Districts of New York. He has argued notable immigrants' rights cases at all levels of the federal court system.

19. Mr. Jadwat has served as counsel in multiple class action or systemic immigration cases. His cases include: *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080 (2017) (described *supra*).

20. As relevant here, Mr. Jadwat has litigated numerous challenges to

12

state and local regulation of immigration. *See, e.g.*, *United States v. Texas*, 144 F.4th 632 (5th Cir. 2025) (described *supra*); *Uthmeier v. FL. Immigrant Coal.*, No. 24A1269, 2025 WL 1890573 (U.S. 2025) (described *supra*); *United States v. Iowa*, 737 F. Supp. 3d 725 (S.D. Iowa 2024) (described *supra*); *Idaho Org. of Res. Councils v. Labrador*, No. 1:25-CV-00178-AKB, 2025 WL 1237305 (D. Idaho Apr. 29, 2025) (described *supra*); *Padres Unidos de Tulsa v. Drummond*, No. CIV-24-511-J, 2025 WL 1573590 (W.D. Okla. June 3, 2025) (described *supra*); *Lozano v. City of Hazleton*, 724 F.3d 297, 300 (3d Cir. 2013) (argued) (affirming injunction against city provisions seeking to prohibit unauthorized noncitizens from working or renting housing); *Villas at Parkside Partners v. City of Farmers Branch, Tex.*, 726 F.3d 524, 528 (5th Cir. 2013) (affirming injunction against criminal and civil provisions seeking to prevent unauthorized noncitizens from renting housing in city); *Hisp. Int. Coal. of Alabama v. Governor of Alabama*, 691 F.3d 1236, 1240 (11th Cir. 2012) (remanding for entry of preliminary injunction against state statute seeking to bar public postsecondary education for unauthorized noncitizens).

21. In addition to his work at the ACLU, Mr. Jadwat has taught classes on immigration law and litigation at New York University School of Law and Cardozo School of Law.

**Eunice H. Cho**

13

22. Ms. Cho is Senior Counsel with the National Prison Project of the American Civil Liberties Union. She is a member of the California, Georgia, Washington, and District of Columbia bars. She currently has active admission in Washington and District of Columbia, and inactive status in Georgia and California. She is admitted to practice in numerous appellate and district courts, including the U.S. Courts of Appeals for the First, Third, Sixth, Eighth, Ninth, and Eleventh Circuits, and the U.S. District Courts for the District of Columbia, Middle District of Georgia, Northern District of Georgia, and Western District of Washington.

23. Ms. Cho graduated from Stanford Law School with distinction in 2009, and clerked for the Hon. Kim McLane Wardlaw of the U.S. Court of Appeals for the Ninth Circuit. Ms. Cho served as a Staff Attorney at the ACLU of Washington, a Staff Attorney at the Southern Poverty Law Center, and as a Skadden Fellow and then a Staff Attorney at the National Employment Law Project.

24. Ms. Cho litigates complex civil cases related the civil rights of immigrants and prisoners, including conditions of confinement in immigration detention and state prison systems, law enforcement abuse by ICE, and the labor and employment rights of non-citizens.

25. Ms. Cho has served as lead or co-counsel in numerous class actions challenging conditions of confinement on behalf of immigrant detainees throughout the United States. Significant cases include *Agusto v. Moniz*, No. 1:20-cv-10685 (D.

Mass); *Coreas v. Bounds*, No. 8:20-cv-00780 (D. Md.); *Favela Avendano v. Bostock*, No. 2:20-cv-00700 (W.D. Wash.); *Malam v. Adducci*, No. 5:20-cv-10829 (E.D. Mich.); *Yanes v. Martin*, No. 1:20-cv-00216 (D.R.I.); *Giotto v. DHS*, No. 1:20-cv-00453 (D.N.H.) (provisional certification); and *Alcantara v. Archambeault*, No. 3:20-cv-00756-DMS-AHG (S.D. Cal.) (provisional certification). Ms. Cho served as lead or co-counsel in over two dozen additional cases related to COVID-19 conditions in immigration detention facilities, and as lead counsel in *Americans for Immigrant Justice v. DHS*, No. 1:22-cv-03118-CKK, 2023 WL 1438376 (D.D.C. Feb. 1, 2023) (challenging inadequate access to counsel in ICE detention facilities).

26. Ms. Cho also served as co-counsel in numerous complex class and collective action suits on behalf of non-citizens and incarcerated people, including *Braggs v. Dunn*, No. 2:14-cv-601-MHT (M.D. Ala. 2017); *Jensen v. Thornell*, No. 2:12-cv-00601 (D. Ariz.). Ms. Cho has also served as co-counsel in collective action suits under the Federal Labor Standard Act (FLSA). *Bojoroquez-Moreno, et al. v. Shores & Ruark Seafood Co., Inc.*, No. 3:14-cv-670 (E.D. Va.) (FLSA collective action suit); *Cordova, et al. v. R&A Oysters, Inc.*, et al., No. 1:4-cv-462 (S.D. Ala.) (same); and *Franco-Hernandez et al. v. Southern Valley Fruit and Vegetable, Inc.*, No. 714-cv- 62 (M.D. Ga.) (same).

**Corene T. Kendrick**

27. Corene Kendrick, is an attorney admitted to practice before the courts of the State of California. She is Deputy Director of NPP.

28. Ms. Kendrick received her J.D. in 2003 from Stanford Law School and was admitted to the California State Bar in November 2003. She is admitted to practice before the Central, Northern, and Eastern Districts of California, and the U.S. Courts of Appeal for the Fourth, Fifth, and Ninth Circuits.

29. Her entire legal practice since graduating from law school has focused on representing the constitutional and human rights of adults and children who are under the legal custody and control of the government, both correctional and child welfare agencies.

30. Prior to joining NPP in November of 2020, Ms. Kendrick was a Staff Attorney at the Prison Law Office (PLO) in Berkeley, California; Staff Attorney at the Youth Law Center in San Francisco; and a Skadden Fellow / Staff Attorney at Children's Rights in New York.

31. Ms. Kendrick's current active docket of class action litigation at NPP for which she is lead counsel or co-counsel includes: *Jensen v. Thornell*, No. 2:12-cv-00601 (D. Ariz.) (formerly known as *Parsons v. Ryan*), (class action challenging the adequacy of health care and conditions of confinement in isolation units in Arizona state prisons); *Rutherford v. Luna*, No. 2:75-cv-04111 (C.D. Cal.) and *Rosas v. Luna*, No. 2:12-cv-00428 (C.D. Cal.) (cases about conditions of confinement and

use of force in the Los Angeles County jail system, the largest in the United States); *Alex A. v. Edwards*, No. 3:22-cv-00573 (M.D. La., 5th Cir.) (challenge to practice of incarcerating children adjudicated delinquent in the former Death Row building at Louisiana State Penitentiary-Angola); *Taylor v. Trump*, No. 1:25-cv-01161 (D.D.C.) (challenge to Executive Order 14164, which targeted formerly condemned men on federal death row whose sentences had been commuted to life without parole, to be incarcerated in "monstrous" conditions of confinement in BOP); *Kingdom v. Trump*, No. 1:25-cv-00691 (D.D.C.) (challenge to Executive Order 14168, which prohibited any expenditure of federal funds to provide medical care or treatment of gender dysphoria among people in BOP custody, drafted complaint and preliminary injunction briefing, and led multi-office team); *Vail v. Dunleavy*, No. 3:25-cv-00086 (D. Alaska) (challenge to the Alaska Department of Corrections regarding the provision of medical, mental health, and dental care); *Hernandez v. County of Monterey*, 5:13-cv-02354 (N.D. Cal.) (challenge to the provision of health care, disability accommodations, and general conditions of confinement in Monterey County jails).

32. From 2011 to 2020, Ms. Kendrick was an attorney at the Prison Law Office (PLO) in California, where, in addition to the *Jensen/Parsons* litigation against the Arizona Department of Corrections described above, whe was lead counsel for PLO on *Teneng v. Trump*, Case No. 5:18-cv-01609 (C.D. Cal.), which

17

successfully challenged the first Trump Administration's policy of incarcerating asylum-seekers and immigrants in a federal prison in Victorville, CA. She was lead counsel for PLO on two federal class action lawsuits against California county jail systems (Contra Costa and Santa Barbara Counties) that challenged conditions of confinement, failure to provide physical plant and programmatic accommodations to persons with disabilities, and health care provided to people in the facilities. She also worked for nine years on *Armstrong v. Newsom*, (formerly known as *Armstrong v. Brown*), including two years as lead attorney for PLO, a federal class action brought under the Americans with Disabilities Act on behalf of people with disabilities incarcerated in California state prisons. Among other things, she obtained a court order requiring sign language interpreters for all incarcerated deaf people in rehabilitative programs and health care encounters, *see* 939 F.Supp.2d 1012.

33. For eight years at Youth Law Center (2005-11) and Children's Rights (2003-05), Ms. Kendrick worked on numerous impact litigation cases in federal and state courts across the country on behalf of children in foster care and juvenile justice systems.

**Kyle Virgien**

34. Kyle Virgien is a Senior Staff Attorney at NPP. He graduated from Harvard Law School in 2011, and clerked for the Hon. Raymont T. Chen of the U.S.

Court of Appeals for the Federal Circuit. He also was a litigation associate at Latham & Watkins LLP and McDermott, Will & Emery LLP.

35. Mr. Virgien was first admitted to practice in California in 2011, and he has been admitted to practice in the U.S. District Courts for the Northern, Central, and Southern Districts of California and Eastern District of Texas, and the U.S. Courts of Appeals for the Second, Seventh, Ninth, and Federal Circuits.

36. Mr. Virgien's legal practice focuses on the civil rights of people in immigration detention and other forms of detention, including conditions of confinement in immigration detention, jail, and prison.

37. Mr. Virgien has served as lead or co-counsel in class actions challenging conditions of confinement on behalf of immigrant detainees, including *Alcantara v. Archambeault*, No. 3:20-cv-00756-DMS-AHG (S.D. Cal.) (provisional certification) and *Hernandez Roman v. Wolf*, No. 5:20-cv-00768-TJH-PVC (C.D. Cal.).

38. Mr. Virgien has also served as lead or co-counsel in numerous additional cases involving conditions of confinement in immigration detention, including *Americans for Immigrant Justice v. DHS*, No. 1:22-cv-03118-CKK (D.D.C.); *Espinoza Escalona v. Noem*, No 1:25-cv-00604 (D.D.C.); *Las Americas Immigrant Advocacy Center v. Noem*, No. 1-25-cv-00418 (D.D.C.); and *Jimenez v.*

*ICE*, No. 1:23-cv-06343-RMI (N.D. Cal.), and lead or co-counsel in numerous Freedom of Information Act cases involving immigration detention.

39. Mr. Virgien has also served as lead or co-counsel in complex class action suits on behalf of people in criminal pre-trial detention, including *Hernandez v. County of Monterey*, *Ahlman v. Barnes*, No. 8:20-cv-00835-JGB-SHK (C.D. Cal.); *Romero-Lorenzo v. Koehn*, No. 2:20-cv-00901-DJH-ESW (D. Ariz.); and *Fenty v. Penzone*, No. 2:20-cv-01192-SPL-JZB (D. Ariz.).

I declare under penalty of perjury that the foregoing is true and correct.

                                                  */s/ Spencer Amdur*
                                                  Spencer Amdur

Executed on August 22, 2025.