UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

M. A., ON BEHALF OF HIMSELF
AND A CLASS OF SIMILARLY
SITUATED INDIVIDUALS,

    Plaintiff,

v.

Case No. 2:25-cv-765-KCD-DNF

KEVIN GUTHRIE, EXECUTIVE
DIRECTOR OF THE FLORIDA
DIVISION OF EMERGENCY
MANAGEMENT, IN HIS
OFFICIAL CAPACITY, *et al.*,

    Defendants.

## ORDER

In 2023, Governor Ron DeSantis declared a state of emergency in Florida due to the impacts of mass illegal migration. This empowered the Florida Division of Emergency Management ("FDEM") to marshal state resources and "[s]eek direct assistance and enter into agreements with any and all agencies of the federal government as may be needed to meet this emergency." *Friends of the Everglades, Inc. v. Sec'y of United States Dep't of Homeland Sec.*, No. 25-12873, 2025 WL 2598567, at *1 (11th Cir. Sept. 4, 2025).[1] Among other things, FDEM used its emergency powers to

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

commandeer a local airport and build a detention facility for illegal aliens, now known as "Alligator Alcatraz."

Plaintiff is a detainee at Alligator Alcatraz. He has sued to prevent the facility from holding him (and others), claiming it is operated in violation of federal law. (Doc. 1.) The problem, he says, is that "Congress required ICE to maintain federal custody and control over immigration detainees." (*Id.* at 1.) But Florida runs Alligator Alcatraz. And it does so without regard to the multiple limits and safeguards under federal law, creating "exactly the kind of disaster that Congress took pains to avoid." (*Id.* at 2.) Plaintiff's proposed vehicle for relief is habeas corpus, and he is pursuing this case as a class action. (*Id.*)

Now before the Court is Plaintiff's motion for preliminary injunction. (Doc. 68.) Since Alligator Alcatraz is operating outside the law, he seeks an order immediately "enjoin[ing] Defendants from detaining Plaintiff and class members" at the facility. (*Id.* at 24.) For the reasons below, the motion is **DENIED**.

Preliminary injunctive relief "is an extraordinary and drastic remedy" that is appropriate only in limited circumstances. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000); *see also Powers v. Sec'y, Fla. Dep't of Corr.*, 691 F. App'x 581, 583 (11th Cir. 2017) ("A preliminary injunction is the exception rather than the rule[.]"). To get injunctive relief, the movant must show (1) a

2

substantial likelihood of success on the merits; (2) he will suffer an irreparable injury without the injunction; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction would not adversely affect the public interest if issued. *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). These "four prerequisites" must be "clearly established." *Id.*

The parties spend considerable labor disputing whether Alligator Alcatraz is operating outside the bounds of federal law. But the Court need not reach that issue now because, even accepting Plaintiff's position, he has not shown the irreparable injury needed. *See Siegel*, 234 F.3d at 1176 ("[T]he absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper.").

A showing of irreparable injury is "the sine qua non of injunctive relief." *Id.* "The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990). And a movant's alleged irreparable injury "must be neither remote nor speculative, but actual and imminent." *Siegel*, 234 F.3d at 1176-77.

To meet his burden, Plaintiff first points to his incarceration at Alligator Alcatraz. (Doc. 68 at 23.) He claims that "[u]nlawful detention is a paradigmatic form of irreparable harm." *Id*. But this argument makes little sense here because Plaintiff does not dispute that he (and the proposed class) is subject to confinement by the Attorney General. So while the Court would agree that the "unnecessary deprivation of liberty clearly constitutes irreparable harm," this is not such a case since Plaintiff's underlying detention is not an injury he seeks to remedy. *United States v. Bogle*, 855 F.2d 707, 710-11 (11th Cir. 1988). Plaintiff must show that his confinement at Alligator Alcatraz, and not the detention itself, constitutes irreparable injury.

Focusing on the facility, Plaintiff claims "numerous downstream irreparable harms." (Doc. 68 at 23.) They include difficulties accessing counsel, unsafe and unsanitary conditions, lack of inmate tracking, and nonexistent systems for exchanging confidential communications. (Doc. 1 at 12-17.) To support these allegations, Plaintiff offers several affidavits from a companion case focused on the conditions at Alligator Alcatraz. (Doc. 68 at 6-8.)

Having reviewed this evidence, the Court does not find it sufficient to warrant a preliminary injunction. There are several problems. First, the affidavits detail the experiences of only a handful of detainees and their

4

counsel. That is not enough, in the Court's view, to conclude that such problems are systematic and represent the facts across the facility. Second, this evidence is many months old and largely stale. As recognized in the companion case, "[t]he facts on the ground have undeniably changed." *C.M. v. Noem*, No. 2:25-cv-747, Doc. 168 at 5 n.5. Plaintiff's own witnesses have also recognized as much. (*See, e.g.*, Doc. 68-11 ¶ 33.) Finally, there is evidence undercutting Plaintiff's contentions. For instance, on the issue of access to counsel, the Court has received dozens of habeas petitions from inmates proceeding with the assistance of an attorney.[2] And the ICE tracking system now identifies inmates at Alligator Alcatraz. Given these deficiencies and shortcomings, Plaintiff has not "clearly established a likely irreparable injury." *Brown v. Sec'y, U.S. Dep't of Health & Hum. Servs.*, 4 F.4th 1220, 1227 (11th Cir. 2021).

Above all else, caution resonates within the legal standard for a preliminary injunction. And caution is especially appropriate here. Plaintiff is essentially asking this Court to close a sizable and expensive detention facility, all before any decision on the merits of its legality. While there may

---

[2] *See, e.g.*, *Paxtor-Alvarez v. Ripa*, 2:25-cv-964-KCD-NPM; *Bautista v. Noem*, 2:25-cv-996-KCD-DNF; *Duenas-Garcia v. ICE ERO*, 2:25-cv-1004-KCD-NPM; *Orellana v. Noem*, 2:25-cv-1038-KCD-NPM; *Castillo-Castro v. Noem*, 2:25-cv-1045-KCD-DNF; *Gonzalez v. Noem*, 2:25-cv-1047-KCD-DNF; *Ochoa Armijo v. ICE ERO*, 2:25-cv-1049-KCD-DNF; *Hernandez Perez v. Noem*, 2:25-cv-1052-KCD-NPM; *Aranda Garcia v. Bondi*, 2:25-cv-1053-KCD-DNF; *Dixon v. Noem*, 2:25-cv-1067-KCD-DNF; *Garcia Raya v. Mordant*, 2:25-cv-1109-KCD-DNF; *Valle Ortiz v. Mordant*, 2:25-cv-1114-KCD-DNF.

indeed be deficiencies at Alligator Alcatraz that ultimately justify its dissolution, Plaintiff has not made the extraordinary showing needed to justify immediate relief of such magnitude. *See, e.g., United States v. Bd. of Ed. of Greene Cnty., Miss.*, 332 F.2d 40, 45-46 (5th Cir. 1964) ("There is no power the exercise of which is more delicate, which requires greater caution, deliberation, and sound discretion, or more dangerous in a doubtful case, than the issuing an injunction[.]").

**ORDERED** in Fort Myers, Florida on December 18, 2025.

*[signature]*

Kyle C. Dudek
United States District Judge