UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

M. A., ON BEHALF OF HIMSELF
AND A CLASS OF SIMILARLY
SITUATED INDIVIDUALS;

      Petitioner,

v.

KEVIN GUTHRIE, EXECUTIVE
DIRECTOR OF THE FLORIDA
DIVISION OF EMERGENCY
MANAGEMENT, *et al.*,

      Respondents.

Case No. 2:25-cv-765-KCD-DNF

# ORDER

Before the Court is Petitioner's Motion for Leave to Proceed Anonymously. (Doc. 66.) Petitioner, an immigration detainee at the facility colloquially known as Alligator Alcatraz, seeks to shield his identity from the public record. He worries about the "extreme vitriol" and "social stigma" attached to those held at the facility, as well as the potential for heightened danger in his country of origin should his identity be revealed. (*Id.* at 2, 10.)[1] Respondents oppose the motion, arguing that a lawsuit is, by its nature, a public event. (Doc. 69.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Federal Rule of Civil Procedure 10(a) says a complaint must "name all the parties." *Id.* Rule 17(a) adds that an action must be "prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). These are not just technicalities or administrative boxes to check. They reflect a deep-seated American tradition that the people have a right to know who is using their courts. *See Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). To walk away from that tradition, a plaintiff needs more than a good reason. He needs an "exceptional case" where his privacy interests do not just exist but outweigh the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 323.

To decide if a case is truly exceptional, the Eleventh Circuit looks at three main factors: (1) whether the plaintiff is challenging government activity; (2) whether he would be compelled to disclose information of "utmost intimacy"; and (3) whether he would be compelled to admit an intent to engage in illegal conduct and thus risk criminal prosecution. *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020).

Petitioner checks the first box—he is suing government officials in their official capacities. But as the Eleventh Circuit has explained, the fact that a claimant is challenging government activity does not, by itself, weigh in favor of anonymity. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 686 (11th Cir. 2001). This factor is really about the lack of reputational harm to

the government compared to a private party. Suits challenging the constitutional, statutory, or regulatory validity of government activity (like this case) "involve no injury to the Government's reputation." *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979). Accordingly, this first factor has only a neutral effect.

The second box is where most of the action is. Petitioner claims that his immigration status and history are "sensitive personal information of the utmost intimacy." (Doc. 66 at 7.) But in the law of anonymity, information of the utmost intimacy is a limited category, usually reserved for things like sexuality, medical records, or the sexual exploitation of minors. *See, e.g.*, *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011); *K.L.T. v. United States*, No. 4:25CV482-TKW-MAF, 2025 WL 3441016, at *2 (N.D. Fla. Dec. 1, 2025). Petitioner's undocumented status is "not highly sensitive nor personal" enough to warrant shielding his name from the public. *Doe I v. City of Alabaster, Alabama*, No. 2:11-CV-3448-VEH, 2012 WL 13088882, at *5 (N.D. Ala. Apr. 26, 2012). Petitioner's immigration status and history is the very subject of the litigation he chose to bring. (*See* Doc. 66 at 9.) He cannot freely volunteer the information to start a lawsuit and then claim it is too sensitive for the public to see.

As for the third box—admitting illegal conduct—Petitioner does not even try to argue it. In fact, his strategy seems to be "specifically not

3

admitting any intent to engage in prohibited conduct." *Doe v. City of Vero Beach*, No. 2:19-cv-14212, 2019 WL 4277045, at *3 (S.D. Fla. Sept. 10, 2019). While that might be good for his underlying case, it does not help his request for anonymity.

That leaves the "totality of the circumstances." *Francis*, 631 F.3d at 1316. Petitioner "fears physical harm as well as harassment and social stigma." (Doc. 66 at 10.) He points to extremely stigmatizing terms used by public officials and general statistics about violence against immigrants. While certainly serious, such generalized worries are not enough. To justify anonymity, a claimant must show a real and specific threat of physical harm, not "generalized, subjective assertions of fear." *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1251 (11th Cir. 2020). In fact, in *Chiquita*, the Eleventh Circuit refused to grant anonymity even after Colombian paramilitaries "threatened and attacked [the] named bellwether plaintiff and her family four months after her deposition." 965 F.3d at 1248. Abstract fears of hostility, like Petitioner offers here, are simply not enough. *See, e.g.*, *Fla. Action Comm., Inc. v. Seminole Cnty.*, No. 6:15CV1525ORL40GJK, 2016 WL 6080988, at *3 (M.D. Fla. Oct. 18, 2016).

Plaintiff leans on other cases where noncitizen litigants have been allowed to proceed under a pseudonym. But those citations do not get him very far. Most are out-of-circuit or district court decisions that carry no

4

binding weight here. In others, the defendants did not even bother to oppose the motion, or the court simply did not engage in the rigorous analysis required by the Eleventh Circuit. Petitioner points specifically to a paperless order in *C.M. v. Noem*, involving other detainees at the very same facility. (Doc. 66 at 14.) But that motion was unopposed, and the order offers no analysis for this Court to follow here. More persuasive are the recent decisions from Florida courts that have looked at these same arguments and rejected them, concluding that immigration status just does not meet the high bar for anonymity. *See, e.g., Hisp. Fed'n v. Byrd*, No. 4:23CV218-MW/MAF, 2023 WL 11760524, at *2 (N.D. Fla. July 17, 2023) ("[T]his Court is not persuaded that Plaintiff Doe's [immigration] status raises the same privacy concerns as the information at issue in cases where pseudonyms have been allowed.").

### III. Conclusion

Courts are public institutions that exist "for the public to serve the public interest." *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996). When a citizen—or a non-citizen—asks the court to wield its power, the public gets to see who is making the request and why. Petitioner has raised serious legal questions, but he has not shown that his case is so extraordinary that we should break from "the constitutionally-embedded presumption of openness." *Frank*, 951 F.2d at 323. Petitioner's Motion for

5

Leave to Proceed Anonymously (Doc. 66) is thus **DENIED**. He must file an updated pleading using his full legal name within fourteen days of this order.

**ORDERED** in Fort Myers, Florida on January 5, 2026.

Kyle C. Dudek
United States District Judge